No. 24-30272

_____

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

Anne White Hat; Ramon Mejia; Karen Savage; Sharon Lavigne; Harry Joseph; John Lambertson; Peter Aaslestad; Theda Larson Wright; Alberta Larson Stevens; Judith Larson Hernandez; RISE St. James; 350 New Orleans; Louisiana Bucket Brigade,

                *Plaintiffs - Appellants,*

v.

Elizabeth B. Murrill, in her official capacity as Attorney General of Louisiana; M. Bofill Duhe, in his official capacity as District Attorney of the 16th Judicial District Attorney's Office; Becket Breaux, in his official capacity as Sheriff of St. Martin Parish,

                *Defendants-Appellees,*

_____

On Appeal from the United States District Court
For the Western District of Louisiana, No. 6:20-CV-983

_____

## BRIEF FOR APPELLEE, SHERIFF BECKET BREAUX

_____

Respectfully submitted,
OATS & MARINO
A Partnership of Professional Corporations
**PATRICK B. McINTIRE (LA #17052)**
100 E. Vermilion St., Suite 400
Lafayette, LA 70501
Telephone: (337) 233-1100
*Counsel for Sheriff Becket Breaux*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that judges of this Court may evaluate possible disqualification or recusal.

| Party – Interested Person | Counsel |
|---|---|
| Sheriff Becket Breaux<br>Berkley Insurance Company | Oats & Marino<br>Patrick McIntire |
| Attorney General of Louisiana<br>Elizabeth B. Murrill | J. Benjamin Aguinaga<br>Autumn Hamit Patterson |
| District Attorney, 16th JDC<br>M. Bofill Duhé | Porteous, Hainkel and Johnson, LLP<br>Ralph R. Alexis, III, Glenn Adams<br>Corey Moll |
| Anne White Hat;<br>Ramon Mejia;<br>Karen Savage;<br>Sharon Lavigne;<br>Harry Joseph;<br>John Lambertson;<br>Peter Aaslestad;<br>Theda Larson Wright;<br>Albert Larson Stevens;<br>Judith Larson Hernandez;<br>Rise St. James; 350 New Orleans; and<br>Louisiana Bucket Brigade | Pamela C Spees<br>Astha Sharma Pokharel<br>Baher Azmy<br>Center for Constitutional Rights<br>William P Quigley<br>Professor of Law<br>Loyola University College of Law |

                                                *s/ Patrick McIntire*
                                                Patrick McIntire
                                                Attorney of Record for Sheriff Becket Breaux

# STATEMENT REGARDING ORAL ARGUMENT

Defendant, Sheriff Becket Breaux, submits that oral argument in this appeal is not necessary to assist the Court in resolving the issues presented in this appeal. The issues are straightforward and are resolved by existing case law.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS……………………………….. ii

STATEMENT REGARDING ORAL ARGUMENT ....................................................... 1

TABLE OF AUTHORITIES ................................................................................... 3

STATEMENT OF ISSUES .................................................................................... 4

STATEMENT OF THE CASE ................................................................................ 4

SUMMARY OF THE ARGUMENT ........................................................................ 4

ARGUMENT ..................................................................................................... 5
   I.   THE ARRESTEE PLAINTIFFS DID NOT DEMONSTRATE STANDING FOR PROSPECTIVE RELIEF. ................................................................... 5
   II.  THE STATUTE IS CONSTITUTIONAL. ......................................................... 11

CONCLUSION ................................................................................................. 14

CERTIFICATE OF COMPLIANCE ...................................................................... 15

CERTIFICATE OF SERVICE .............................................................................. 16

# TABLE OF AUTHORITIES

**CASES**

*Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5 Cir. 2012) ..............8

*Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5 Cir. 1996) ....................8

*City of Los Angeles v. Lyons,* 461 U.S. 95 (1983) ....................................12

*Dickerson v. Kemp,* 540 So.2d 467 (La. App. 1 Cir. 1989)........................9

*Holtzclaw v. SDC Communications Corp.*, 255 F.3d 254, 258 (5 Cir. 2001) ...........8

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)................11

*O'Shea v. Littleton,* 414 U.S. 488, 493 (1974) .......................................11

*Seals v. McBee,* 898 F.3d 587 (5 Cir. 2018) ........................................7, 9

*Simmons v. Smith,* 774 Fed. Appx. 228 (5 Cir. 8/5/2019) .........................8

*Steffel v. Thompson,* 415 U.S. 452 (1974) .............................................13

**STATUTES**

La. C.C. art 802....................................................................................12

LSA-R.S. 14:61............................................................................ 6, 11, 13, 14

# STATEMENT OF ISSUES

The Sheriff adopts the Issues Presented in the Attorney General's Appellee Brief as his Statement of Issues.

# STATEMENT OF THE CASE

The Sheriff adopts the Statement of the Case in the Attorney General's Appellee Brief as his Statement of the Case.

# SUMMARY OF THE ARGUMENT

The Sheriff adopts the Argument of the Attorney General as his Argument herein. In addition, the Sheriff notes that the Trial Court denied the Sheriff's Motion to Dismiss for lack of standing by citing the case of *Seals v. McBee,* 898 F.3d 587 (5 Cir. 2018) to find that a potential threat of future prosecution would support standing for injunctive relief. However, the Sheriff has no control over prosecutions, only arrests. Also, the Arrestee Plaintiffs did not allege a threat of "real and immediate" future arrest in St. Martin Parish as required to support an injunction against the Sheriff. Finally, the Affidavits of Arrest and the testimony of the Deputies demonstrate that the Arrestee Plaintiffs were indeed arrested for trespassing, not for the content of their speech or their viewpoint.

# ARGUMENT

The Sheriff adopts by reference and incorporates herein all of the arguments presented by Attorney General Liz Murrill.

In addition, the Sheriff submits the following brief arguments for the Court's consideration.

### I. THE ARRESTEE PLAINTIFFS DID NOT DEMONSTRATE STANDING FOR PROSPECTIVE RELIEF.

As the parties asserting Federal jurisdiction, Plaintiffs have the burden of proving that jurisdiction exists. *Simmons v. Smith,* 774 Fed. Appx. 228 (5 Cir. 8/5/2019). The question of jurisdiction may be decided based upon: 1) the complaint alone; 2) the complaint supplemented by undisputed facts evidenced in the record; or 3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5 Cir. 1996). In this case, the complaint alone demonstrates the absence of standing among the Arrestee Plaintiffs. The Trial Court had before it the Sheriff's Motion to Dismiss for lack of standing on the part of the Arrestee Plaintiffs. ROA.256, ROA.260-264, and ROA.702-709. The Trial Court denied the Sheriff's Motion regarding these Plaintiffs (ROA.861 and ROA.870-873), but its Judgment dismissing this case may be affirmed on this alternative ground. *Holtzclaw v. SDC Communications Corp.*, 255 F.3d 254, 258 (5 Cir. 2001); *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5 Cir. 2012).

The Plaintiffs are suing for prospective relief only, asking for a declaratory judgment regarding the constitutionality of LSA-R.S. 14:61 and an injunction to prevent the Defendants from enforcing this statute as it pertains to pipelines. In denying the Sheriff's Motion to Dismiss for lack of standing, the Trial Court relied upon this Court's decision in *Seals v. McBee,* 898 F.3d 587 (5 Cir. 2018) to find standing for the Arrestee Plaintiffs based on the threat of future prosecution. ROA.871 (". . . there is no showing that the Defendants have disavowed prosecution.") Of course, the Sheriff has no authority to initiate prosecutions. *Dickerson v. Kemp,* 540 So.2d 467 (La. App. 1 Cir. 1989). It was not appropriate for the Trial Court to lump all Defendants together for this part of its analysis. Standing based on the alleged threat of a future prosecution for a past arrest cannot support a claim for injunctive relief against the Sheriff. An injunction against the Sheriff cannot redress the alleged harm.

The Trial Court also found standing based on the "allegation that Defendants' enforcement of LSA-R.S. 14:61 has a chilling effect on future protests directed toward the Bayou Bridge Pipeline" and the allegation that Arrestee Plaintiffs "would participate in future protests of the Bayou Bridge Pipeline but fear a felony prosecution under LSA-R.S. 14:61 given their prior arrests." ROA.871 – 872. The allegations of the Arrestee Plaintiffs are as follows:

- Plaintiff White Hat alleged that "The pending charges have affected her life and her ability to engage in further demonstrations against the Bayou Bridge pipeline and other petrochemical projects. ROA.38, par. 19.

- Plaintiff Mejia alleged that he "faces the possibility of prosecution and a sentence . . ." ROA.39, par. 20.

- Plaintiff Savage alleged that "The law [LSA-R.S. 14:61], with its harsh penalties has impacted and chilled her ability to observe and report on events that are of great public concern." ROA.39, par. 21. She also alleged that "With two felony charges hanging over her head, she now hesitates to continue to cover not only pipeline protests but other hotly contested issues as well." ROA.63, par. 120.

- All of the Arrestee Plaintiffs collectively alleged that "They now have felony charges and the threat of prosecution hanging over them which has substantial and numerous impacts on their lives. ROA.58, par. 93.

None of the Plaintiffs alleged any intention of mounting a future protest in St. Martin Parish. They simply alleged a concern that if they were to engage in a protest at some unspecified location within the state, they may not know when they are violating the statute. The Arrestee Plaintiffs alleged past arrests in August and September of 2018 in St. Martin Parish, but as of the filing of the suit in May of 2019, did not allege any concrete or immediate plans to launch additional protests

or demonstrations in St. Martin Parish that were stymied or placed on hold due to a threat of arrest.[1]

Under *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992), in order to establish standing, Plaintiffs must demonstrate three elements:

1. Each plaintiff has suffered some injury in fact - an invasion of a legally protected interest which is concrete and particularized, and actual or imminent;

2. There is a causal connection between the injury and the conduct of the defendant that is the subject of the complaint; and

3. That it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

When a plaintiff sues for injunctive relief, the prospective injury must be "real and immediate." As the court phrased it in *O'Shea v. Littleton,* 414 U.S. 488, 493 (1974):

> Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.' . . . There must be a 'personal stake in the outcome' such as to 'assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' . . . Nor is the principle different where statutory issues are raised. . . . Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. . . .

---

[1] By the time the suit was filed, construction of the pipeline was completed, and none of the protesters launched any pipeline protests once the pipeline construction was completed, at least not in St. Martin Parish.

8

> The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'
> [Internal citations omitted.]

In *O'Shea*, the plaintiffs were minority and/or poor residents of Cairo, Illinois who alleged discriminatory enforcement of criminal laws and bail administration by local law enforcement and judicial officers. The Court found that even though some of the plaintiffs had been arrested in the past, none alleged a specific threat of prospective arrest in the immediate future. The Court found that jurisdiction was lacking.

A similar result was reached in *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983). In that case, the plaintiff had been arrested after a traffic stop and alleged that he was placed in a chokehold. Along with a claim for damages, he asserted a claim for declaratory and injunctive relief. The matter was tried on the claim for a preliminary injunction; the damage claim was severed. 461 U.S. at 99, and fn. 6. The Court found that the prior arrest and choking incident from five months before the suit did not establish that the plaintiff would again be stopped and subjected to a chokehold. 461 U.S. at 105. Even the allegation that the police routinely applied chokeholds "falls far short of the allegations that would be necessary to establish a case or controversy between these parties." *Id.* The Court dismissed the claim for equitable relief for lack of jurisdiction.

By contrast, in the case of *Steffel v. Thompson,* 415 U.S. 452 (1974), the plaintiff and his companion were handing out anti-war leaflets in a shopping center when the owner of the shopping center complained to the police, and the police threatened plaintiff and his companion with arrest if they did not leave. Plaintiff and his companion left, but they returned a couple of days later and were again threatened with arrest if they did not leave. Plaintiff's companion remained and was arrested. Plaintiff left to avoid arrest. Plaintiff alleged that he desired and intended to return to hand out leaflets at the shopping center, and that he believed he had the right to do so even over the objection of the shopping center owner, but that he did not want to risk arrest. In that case, the Court found the "real and immediate" threat of injury required for standing. Also note that in *Steffel* the Court held that a plaintiff in an action for declaratory judgment does not need to allege and prove irreparable injury (as required for an injunction), but must still establish standing by showing a real and immediate threat of injury. 415 U.S. at 458-459.

The contrast between *Steffel* and the present case could hardly be more stark. Plaintiffs in the present case have not identified a specific protest or demonstration that they planned to carry out, much less a specific location or law enforcement jurisdiction. As far as the Complaint disclosed, the next protest may be in St. James Parish, where an injunction or judgment involving the St. Martin Sheriff would be of no use whatsoever (thus undermining the "redressability" element of standing as

well). Plaintiffs did not identify any specific future activity at all. They simply professed to be concerned about what they contend to be vague or overly broad language in LSA-R.S. 14:61. In parts of the Complaint they reveal their real concern to be that protest activity that used to result in a misdemeanor citation can now result in a felony arrest. ROA.36, par. 11, ROA.60, par. 103 and 104. Plaintiffs' general concerns are not enough to establish the real and immediate threat of injury required to invoke Federal jurisdiction.

The Judgment of Dismissal should be affirmed for lack of standing by the Arrestee Plaintiffs to bring a claim for injunctive relief against the Sheriff.

## II. THE STATUTE IS CONSTITUTIONAL.

The Affidavits of Arrest by Deputy Gauthier and Deputy Bonvillain, which Plaintiffs attached to their summary judgment materials and which Plaintiffs did not attempt to refute, set forth the facts of each arrest. ROA.1379 (Mejia, Aug. 18); ROA.1381 (Savage, Aug. 18); ROA.1383 (White Hat, Sept. 3); ROA.1387 (Savage, Sept. 3). For the arrests on August 18, 2018, Plaintiffs Mejia and Savage were beneath a "sky pod" suspended in a tree by a rope attached to the pipeline. ROA.1379 – 1382. This arrangement shut down work on the pipeline, imposing the will of the protesters on the construction crew. ROA.1349 (Dy. Martin deposition, p. 26, l. 3 – p. 28, l. 7.) These facts were not disputed by Plaintiffs.

The protests of September 3, 2018, which led to the arrest warrants for Plaintiffs White Hat and Savage, involved approximately 30 – 35 protesters jumping on the construction equipment, throwing mud into the exhaust and fuel tank of an excavator, throwing mud on the inside walls of a guard shack, then locking the shack and taking the key. ROA.1383 - 1384  The protesters were instructed to leave the area, with the boundary being marked by survey stakes. *Id.*  The protesters agreed to leave only on the condition that the construction workers also leave. *Id.*  When the workers started up some of their equipment again, the protesters re-entered the area and demanded that the workers must leave. *Id.*  The deputies, outnumbered by at least 30 to 4, had the workers leave to keep the peace. *Id.*  The work was forcibly halted by the action of the protesters. *Id*.  Again, these facts were not disputed by Plaintiffs.

The Deputies had a statement from one of the co-owners of the property instructing that no protesters were allowed to be on the property and authorizing the pipeline company to make a criminal complaint on his behalf. ROA.1015, item 69; ROA.1378; and ROA1675 (Sheriff's Response to Plaintiff's Statement of Material Facts, item 69).  As Plaintiffs have pointed out, a single co-owner can prohibit a third party from being on his property, even though the third party has the consent of another co-owner.  (See La. C.C. art 802, "As against third persons, a co-owner has the right to use and enjoy the thing as if he were the sole owner.")  That was the

point of Mr. Aaslestad's trespass suit against Bayou Bridge Pipeline, which had not obtained the consent of all owners of the property. Mr. Stockstill as a co-owner did not want the protesters on his property. Plaintiffs were trespassing. They were advised of this fact and given an opportunity to leave. They were arrested within the surveyed limits of the pipeline construction project when they did not leave after 30 minutes, or were later arrested for having returned after being told to leave. On both occasions they were within the premises of a pipeline under construction. Their trespass was properly charged as a violation of LSA-R.S. 14:61.

Plaintiffs complain that Deputy Martin was not on site at the time of their arrests on August 18, and so could not know if they were within the surveyed boundary of the pipeline construction project. (Plaintiffs' Brief, p. 34.) It is not clear that this issue should really give rise to a constitutional claim. However, Plaintiffs ignore the fact that they were standing under the "tripod" or "sky pod," which remained on site after they were arrested. ROA.1349 (Dy Martin deposition, p. 26, l. 3 – p. 28, l. 7.) Deputy Martin could compare the location of the "sky pod" with the survey markers readily enough.

## CONCLUSION

The statute at issue, LSA-R.S. 14:61, deals with trespass. Plaintiffs do not have a right under the First Amendment to trespass. The crux of Plaintiffs' complaint is that the trespass activities they have employed to obstruct pipeline construction used to be misdemeanors but have now become felonies. That does not make the trespass statute unconstitutional. Plaintiffs were not targeted, either by the legislation or by the Deputies, for their viewpoint. They were advised of the trespass in each case and given the opportunity to leave. They either refused to leave, or having left, immediately returned. They were arrested because of where they were, not what they had to say. The Court should render Judgment upholding the constitutionality of LSA-R.S. 14:61.

> OATS & MARINO
> **A Partnership of Professional Corporations**
>
> */s/ Patrick B. McIntire*
> **PATRICK B. McINTIRE (#17052)**
> 100 E. Vermilion St., Suite 400
> Lafayette, LA 70501
> Telephone: (337) 233-1100
> *Counsel for Sheriff Becket Breaux*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,276 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman text, and 12-point Times New Roman footnotes.

OATS & MARINO
A Partnership of Professional Corporations

*/s/ Patrick B. McIntire*
**PATRICK B. McINTIRE (#17052)**
100 E. Vermilion St., Suite 400
Lafayette, LA 70501
Telephone: (337) 233-1100
*Counsel for Sheriff Becket Breaux*

Dated: September 23, 2024

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed the foregoing with the Clerk of Court for the United States Fifth Circuit Court of Appeal using the CM/ECF system and that service will be made on the parties listed below using the CM/ECF system or by electronic mail.

Lafayette, Louisiana, this 23rd day of September, 2024.

*/s/ Patrick B. McIntire*
PATRICK B. McINTIRE
